## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **MESA UNDERWRITERS SPECIALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | Civil Action No. _____ |
| **FIRST CLASS ELECTRICAL SERVICES,** | § | |
| **LLC AND EDINBURG CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT** | § | |
| | § | |
| **Defendants.** | § | |

### COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

**COMES NOW** Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC"), and files this, its Complaint for Declaratory Judgment, and would show:

### I.
### NATURE OF CASE

1.1    MUSIC seeks a declaratory judgment that it has no obligation to defend or indemnify First Class Electrical Services, LLC, a third-party defendant, for allegations asserted against it by Edinburg Consolidated Independent School District, a third-party plaintiff, in the lawsuit styled *Enviro-Lite Solutions, LLC, USA Promlite Technology, Inc., First Class Electrical Services, LLC, and E-Con Group, LLC, Plaintiffs & Counter-Defendants, v. Edinburg Consolidated Independent School District, Defendant & Counter-Plaintiff;* Cause No. C-5241-16-G, pending in the 370th Judicial District Court, Hidalgo County, Texas (the "underlying lawsuit").

1.2    A justiciable controversy exists between MUSIC and First Class as to whether the

general liability insurance policies issued by MUSIC to First Class provide coverage for the claims asserted against it by ECISD in the third-party action of the underlying lawsuit.

## II.
## PARTIES

2.1    MUSIC is a citizen of the state of New Jersey, being an insurance company formed in New Jersey and having its principal place of business at 40 Wantage Ave., Branchville, New Jersey 07890. MUSIC is authorized to write insurance policies in Texas as a surplus lines carrier.

2.2    First Class is a citizen of the State of Texas, being a Texas limited liability company, and having its principal place of business located in Palmview, Hidalgo County, Texas.

2.3    ECISD is a political subdivision of Edinburg, Hidalgo County, Texas.  It has an interest in this matter because MUSIC seeks judgment declaring that it has not duty to pay any judgment ECISD may obtain against First Class.

## III.
## JURISDICTION AND VENUE

3.1    This is a declaratory judgment relief action pursuant to 28 U.S.C. § 2201 *et seq.*

3.2    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship among the parties, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

3.3    Venue is proper under 28 U.S.C. § 1391(b)(2) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this district. Specifically, ECISD is an entity that exists in this district and the policies were issued to First Class in this district.

## IV.
## THE UNDERLYING LAWSUIT

4.1    The underlying lawsuit arose out of the alleged breach of an April 8, 2015 contract between USA Promlite Technology, Inc., by and through Enviro-Lite Solutions, LLC its

authorized agent, and ECISD, for replacement of the existing lighting with LED light technology at six ECISD elementary schools (the "Contract").

4.2    Enviro-Lite subcontracted with E-Con Group, LLC, which then subcontracted with First Class to perform the electrical work.

4.3    The Contract contained a five-year service warranty for repair, replacement and labor. However, any action by ECISD to allow or cause the LED lights to be removed voided the warranty.

4.4    Enviro-Lite completed the scope of the contracted work on September 26, 2016.

4.5    Problems with the LED lights arose. Enviro-Lite and ECISD were unable to resolve the problems pursuant to the warranty. Enviro-Lite filed the underlying lawsuit seeking a declaration of the parties' rights and obligations under the Contract. ECISD then filed a third-party action seeking damages against First Class and other third-party defendants.

4.6    According to Edinburg CISD's Fourth Amended Answer, Counterclaims, and Third-Party Petition, the LED lights (also herein referred to as the "equipment") were improperly designed by Enviro-Lite and improperly installed by First Class.

4.7    ECISD alleges that the equipment used by First Class was not certified for use in the United States, and that it installed the equipment in a way that was non-compliant with the electrical standards and practices of the National Electrical Code, and of the Illumination Engineering Society of North America and, thereby, damaged the schools' lighting systems.

4.8    ECISD further alleges that in an effort to correct the lighting issues caused by its initial installation, First Class installed dimmer switches. However, it did so in a manner that violated electrical standards and practices, including those of the National Electrical Code, and the National Fire Protection Association (NFPA). ECISD alleges that the faulty installation by First

Class caused permanent damage to the schools' lighting systems, led to multiple fires and required rewiring of the schools.

4.9    ECISD further alleges that First Class installed the equipment knowing that it was in violation of manufacturer guidelines.

4.10    ECISD seeks damages against First Class and asserts causes of action for breach of implied warranty of good and workmanlike services; negligence, negligent failure to warn or instruct, negligent failure to recall, negligent misrepresentation and fraud, negligent retention, supervision, and training, negligence per se; product liability; and gross negligence for which it claims entitlement to exemplary damages.

4.11    None of the claims asserted by ECISD against First Class in the third-party action of the underlying lawsuit are covered by the MUSIC policies.

## V.
## THE MUSIC POLICIES

5.1    MUSIC issued three commercial general liability policies to First Class:

| Policy Number | Policy Period |
|---|---|
| MP0042027000682 | 2/2/2015 – 2/2/2016 |
| MP0042027001743 | 2/2/2016 – 2/2/2017 |
| MP0042027003004 | 2/2/2017 – 2/2/2018 |

5.2    The policies were each issued to First Class at its Texas address in Palmview, Hidalgo County, Texas. The declaration pages describe its business as "Electrical Work." MUSIC seeks judgment that its policies provide no coverage for the third-party claims against First Class in the underlying lawsuit.

5.3    The MUSIC policies each contain the following pertinent provisions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

* * *

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph **1.** of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)**   Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)**   Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)**   Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

5.4   In addition, the MUSIC policies each contain the following exclusions:

**2.    Exclusions**

This insurance does not apply to:

**a.    Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

\* \* \*

**j.    Damage To Property**

"Property damage" to:

\* \* \*

(5)   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\* \* \*

l.      **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.      **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n.      **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property"

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

5.9    The policies contain the following definitions pertinent to the above exclusions:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> ***
>
> "Products-completed operations hazard":
>
> > a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
> >
> > * * *
> >
> > > (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
> > >
> > > > (a)    When all of the work called for in your contract has been completed.
> > > >
> > > > (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
> > > >
> > > > (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
> >
> > Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
>
> "Property damage" means:
>
> > **a**.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> >
> > **b**.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> ***

"Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

5.10    MUSIC would show that ECISD's third-party allegations against First Class do not state an "occurrence" within the policies' insuring agreements. First Class' failure to comply with industry standards governing electrical work and lighting installation did not lead to unexpected or accidental damage. Rather, the damage to the schools' lighting systems was the natural and foreseeable result of using non-compliant equipment and faulty installation methods. Such conduct does not constitute an "occurrence."

5.11    Even if ECISD's third-party allegations against First Class fall within the scope of the insuring agreement of either of the three MUSIC policies, certain exclusions apply to preclude coverage as shown below.

5.12    Exclusion a. precludes coverage for damage that is expected or intended by First Class. ECISD's alleged damage to the schools' lighting systems and costs of rewiring falls within this exclusion.

5.13    Exclusion j.(5) precludes coverage for damage to real property sustained while First Class was performing operations.  It applies to preclude coverage for the damaged lighting

**COMPLAINT FOR DECLARATORY JUDGMENT**        **PAGE 9**

systems because First Class worked on the schools' lighting systems as part of the LED light installation, and the claimed damages arose out of that work while performing operations.

5.14    Exclusion j.(6) applies to preclude coverage for the damage to the schools' lighting systems as it constitutes damage to "that particular part of any property" that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

5.15    Exclusion l. applies to preclude coverage for all damages to First Class' completed work at the schools.

5.16    Exclusion m. applies to preclude coverage for any loss of use claim related to the damaged lighting systems on which First Class performed work.

5.17    Exclusion n. applies to preclude damages related to First Class' use of LED bulbs that had been withdrawn from use from the United States.

5.18    MUSIC would further show that all economic damages sought by ECISD, including the incurred cost of rewiring the schools, does not constitute "property damage" and, therefore, is not covered under the policies.

5.19    Similarly, the exemplary damages sought in connection with the alleged gross negligence conduct of First Class is also precluded from coverage as the requisite conduct does not constitute an "occurrence," and/or falls within the terms of exclusion a.

## VI.
## RESERVATION REGARDING AMENDMENT

6.1    MUSIC reserves the right to amend this action as necessary and to include any additional coverage defenses, that are or may become available under the MUSIC policies issued to First Class, pertinent to the third-party action of the underlying lawsuit.

**WHEREFORE, PREMISES CONSIDERED,** Mesa Underwriters Specialty Insurance Company prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that it owes no duty to defend and/or indemnify First Class against the third-party claims asserted against it by ECISD in the underlying lawsuit.  Further, Mesa Underwriters Specialty Insurance Company prays for such other and further relief, at law or in equity, to which it may show it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi – Attorney-in-charge
State Bar No. 24041468
S.D. Tex. Bar No. 38607
stephenm@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199

**ATTORNEY FOR PLAINTIFF**
**MESA UNDERWRITERS**
**SPECIALTY INSURANCE**
**COMPANY**